IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BELINDA G. AUCOIN,           §
                             §
               Plaintiff,    §
                             §  Civil Action No. 3:08-CV-1275-D
VS.                          §
                             §
COMERICA SECURITIES, INC.,   §
et al.,                      §
                             §
               Defendants.   §

MEMORANDUM OPINION
AND ORDER

In this removed action arising from the plaintiff-employee's termination, plaintiff's motion to remand presents the question whether at least one of the in-state defendants is properly joined. Concluding that defendants have not met their heavy burden of establishing that all in-state defendants are improperly joined, the court grants plaintiff's motion and remands this case to state court.

I

Plaintiff Belinda G. Aucoin ("Aucoin") was employed for more than 15 years by defendant Comerica Securities, Inc. ("Comerica") as a financial consultant. After Comerica terminated her employment in November 2007, Aucoin sued Comerica in Texas state court, alleging claims for discrimination based on disability, age, and sex, invasion of privacy, intentional infliction of emotional distress, and retaliation for filing a worker's compensation claim. After receiving a letter from Comerica's counsel inquiring as to

the amount of damages she sought, Aucoin filed an amended petition that joined Comerica Bank, Comerica, Inc., and Bryan Kucholtz ("Kucholtz"), her supervisor, as defendants. In her amended petition, Aucoin sues Kucholtz for invasion of privacy and sues Comerica Bank and Comerica, Inc. for intentional infliction of emotional distress. She also alleges, based on theories of civil conspiracy and single business enterprise, that Comerica, Comerica Bank, and Comerica, Inc. are jointly and severally liable for her damages.

Comerica removed the case based on diversity of citizenship, contending that the Texas citizenship of defendants Comerica Bank, Comerica, Inc., and Kucholtz can be disregarded for purposes of determining complete diversity because they were improperly joined. Defendants maintain[*] that there is no reasonable basis for the court to predict that Aucoin might recover under Texas law against Comerica Bank, Comerica, Inc., or Kucholtz.

II

"Complete diversity 'requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.'" *Harvey v. Grey Wolf Drilling Co.*, ___ F.3d ___, 2008 WL 4194538, at *2 (5th Cir. Sept. 15, 2008)(quoting *McLaughlin*

---

[*]Although Comerica removed the case, defendants have filed a combined brief in opposition to Aucoin's motion to remand. The court will therefore address defendants' arguments collectively and will analyze whether defendants——rather than merely Comerica——have met the burden of establishing improper joinder.

*v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004)). This means that no plaintiff can be a citizen of the same state as even one defendant. Moreover, under 28 U.S.C. § 1441(b), a case cannot be removed based on diversity jurisdiction if any properly joined defendant is a citizen of the state in which the action is brought.

"When a defendant removes a case to federal court on a claim of improper joinder [of an in-state defendant], the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 576 (5th Cir. 2004) (en banc). Improper joinder is established by showing that there was either actual fraud in the pleading of jurisdictional facts or that the plaintiff is unable to establish a cause of action against the non-diverse defendant in state court. *Id*. at 573 (citing *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

Under the second alternative—the one at issue in this case—the test for improper joinder "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id*. The court must "evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the

plaintiff." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (internal quotation marks omitted). Thus "[t]he party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood*, 385 F.3d at 574.

There are two "proper means for predicting whether a plaintiff has a reasonable basis of recovery under state law." *Id.* at 573. "The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.* (footnote omitted). In cases where "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* Although this is a matter for the court's discretion, "a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* at 573-74. The court is not permitted to "mov[e] beyond jurisdiction and into a resolution of the merits." *Id.* at 574.

Aucoin has joined three in-state defendants. Therefore, if defendants fail to satisfy as to just one of these defendants their heavy burden of establishing that there is no reasonable basis for

the court to predict that Aucoin might recover under Texas law, this case must be remanded to state court. Because the court concludes that it has a reasonable basis to predict that Aucoin might recover under Texas law against Kucholtz, it need not consider Aucoin's claims against the other Texas defendants.

III

A

"Under Texas law, [o]ne who appropriates to his own use or benefit the name or likeness of another is subject to liability to the other for invasion of his privacy." *Meadows v. Hartford Life Ins. Co.*, 492 F.3d 634, 638 (5th Cir. 2007) (internal quotation marks omitted). To prove invasion of privacy by misappropriation, a plaintiff must establish three elements: (1) the defendant appropriated the plaintiff's name or likeness for the value associated with it and not in an incidental manner or for a newsworthy purpose; (2) the plaintiff can be identified from the publication; and (3) there was some advantage or benefit to the defendant. *Id.* "Tortious liability for appropriation of a name or likeness is intended to protect the value of an individual's notoriety or skill." *Matthews v. Wozencraft*, 15 F.3d 432, 437 (5th Cir. 1994). The value associated with a name may be based on its "reputation, prestige, social or commercial standing, public interest, or other values." *Id.* (internal quotation marks omitted).

Aucoin maintains that Kucholtz misappropriated her name for its reputational value. She implies that her name has value because she was the "top producing employee at [Comerica]" at the time she was terminated. P. Am. Pet. ¶ 33. Aucoin alleges that, after her termination, Kucholtz "continued to list [her] name on account statements and other documents that [Comerica] and Kucholtz sent to her former clients." *Id*. at ¶ 58. This, she maintains, enabled Comerica to utilize the "reputation and expertise" associated with her name to "market itself and its products." *Id*. at ¶ 35. Moreover, Aucoin posits that her former clients "were and may still be under the impression that [she] was monitoring their investments." *Id*. Because the investment market significantly declined after Aucoin's termination, she asserts that "some of [her] former clients may believe she has failed to advise them to modify their portfolios." *Id*. Aucoin also avers that "the actions and/or inactions of [Comerica] and Kucholtz" in regard to her name have "directly resulted in a complaint being filed against [her] by one of her former clients," *id*. at ¶ 59, marring her "perfect record," *id*. at ¶ 33. Thus she asserts injury to her business reputation. Finally, she maintains that her name continued to appear on certain documents until April 2008 and that this benefited Kucholtz.

Comerica responds that, although Aucoin's name continued to

appear on account statements and other client documents after her termination, Kucholtz did not personally list her name. It maintains that, in the regular course of business, it does not remove the name of a former financial consultant from documents until the client accounts have been reassigned. Comerica contends that Aucoin's position was filled in late December 2007 and that no later than February 2008 it undertook efforts to have her name removed from documents associated with her former accounts. According to Comerica, these steps included providing instructions to third-party vendors who prepared account statements for Comerica. Comerica therefore argues that the continued appearance of Aucoin's name on client documents was merely the consequence of her name's not having been replaced in the system.

C

Under *Smallwood* the court first applies a Rule 12(b)(6)-type analysis to Aucoin's invasion of privacy claim against Kucholtz, construing the factual allegations and drawing reasonable inferences in her favor. Moreover, "[b]ecause state court plaintiffs should not be required to anticipate removal to federal court, the court assesses the sufficiency of the factual allegations of [Aucoin's] complaint under Texas' notice pleading standard." *Warren v. State Farm Mut. Auto. Ins. Co.*, 2008 WL 4133377, at *4 (N.D. Tex. Aug. 29, 2008) (Fitzwater, C.J.) (collecting cases). Under the Texas Rules of Civil Procedure, a

petition shall contain "a short statement of the cause of action sufficient to give fair notice of the claim involved." Tex. R. Civ. P. 47(a). "That an allegation be . . . of legal conclusion shall not be grounds for objection when fair notice to the opponent is given by the allegations as a whole." Tex. R. Civ. P. 45(b). Texas' "fair notice" pleading standard "looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant at trial." *Penley v. Westbrook*, 146 S.W.3d 220, 232 (Tex. App. 2004), *rev'd on other grounds*, 231 S.W.3d 389 (Tex. 2007); *see also Green Tree Acceptance, Inc. v. Pierce*, 768 S.W.2d 416, 421 (Tex. App. 1989, n.w.h.) (describing "Texas' traditionally liberal pleading principles").

In her amended petition, Aucoin alleges that Kucholtz listed her name on client documents after her termination, or that her name continued to appear on client documents through his inaction. She also asserts that Kucholtz misappropriated her name for its reputational value, and she avers facts that permit a reasonable inference that her name had such value. Because she was employed for 15 years at Comerica, it can reasonably be inferred that she had earned a positive reputation with at least some of her clients. *See* P. Am. Pet. ¶ 28 (referring to "longtime" client of plaintiff's); *id.* at ¶ 33 (noting that plaintiff had record free of client complaints). Thus Aucoin has sufficiently pleaded that

Kucholtz misappropriated her name for its reputational value, the first element of misappropriation.

The second element——that plaintiff is identifiable from the publication——can easily be inferred from the allegation that her name was misappropriated.

Third, Aucoin alleges that Kucholtz derived benefit from the use of her name and that she suffered damage to her reputation. Although she does not allege specifically how Kucholtz benefited from using her name, this does not defeat her claim under Texas' liberal pleading rules. Moreover, the nature of the benefit to Kucholtz, if any, is likely a matter that requires discovery. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 231 (Tex. 2004) (declining to require "specific factual allegations" where doing so would "require discovery into [those] very . . . facts"). Thus, taking her allegations as a whole, the court concludes that Aucoin has pleaded sufficient facts to put Kucholtz on fair notice of the nature and basic issues relating to her claim and the evidence likely to be relevant. Therefore, Aucoin has stated a claim against Kucholtz for invasion of privacy under Texas law.

D

Defendants argue, however, that the court should exercise its discretion under *Smallwood* to pierce the pleadings and conduct a summary inquiry. They contend that the court should consider

Kucholtz's declaration, which states that the continued use of Aucoin's name resulted simply from her name's not having yet been replaced in the system, according to Comerica's regular business practice. And they argue that Aucoin offers no evidence to the contrary.

To obtain such evidence, however, Aucoin would likely need to conduct discovery into Comerica's practices for managing employee turnover——specifically, for replacing names on account statements and other client documents. She might seek to discover, for example, additional facts bearing on whether her name replacement was handled differently from that of other exiting employees under Kucholtz' supervision or whether there is any evidence of deliberate delay or inaction by Kucholtz. In its discretion, the court declines to authorize such discovery because the risk of moving into a resolution of the merits is too great. These are not "discrete and undisputed facts" that Aucoin has "misstated or omitted." *Smallwood*, 385 F.3d at 573. Rather, the determination of whether and how Kucholtz, by action or purposeful inaction, caused Aucoin's name to remain on client documents directly bears on the merits of Aucoin's misappropriation claim. Thus facts relating to Kucholtz' involvement, if any, are unlike the examples cited in *Smallwood* of facts for which a court is permitted to pierce the pleadings: that "the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did

not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved if not true." *Id*. at 574 n.12. Therefore, the court holds that defendants have failed to satisfy their heavy burden of establishing that there is no reasonable basis for the court to predict that Aucoin will recover under state law against Kucholtz, a Texas defendant, for invasion of privacy.

\*　　\*　　\*

Accordingly, the court holds that defendants have failed to satisfy their heavy burden of establishing that Kucholtz——one of the in-state defendants——was improperly joined. The court grants Aucoin's August 21, 2008 motion to remand because the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). This action is remanded to the 44th Judicial District Court of Dallas County, Texas. The clerk shall effect the remand in accordance with the usual procedure.

**SO ORDERED.**

October 15, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE